IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2006 MAY -5  A 11: 51

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| JOHN E. LANCASTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO.: 2:06 CV-402-CSC |
| ) | |
| PHILLIPS INVESTMENTS, LLC., ) | |
| d/b/a THE CEDARS, ) | |
| ) | |
| Defendants. ) | |

## ANSWER

COMES NOW the Defendant Phillips Investments, LLC., for answer to the Plaintiff's Complaint, states as follows:

1. Admitted.

2. Denied.

3. Denied.

4. Defendant admits that it had a wheelchair ramp installed for the Plaintiff's use at the request of the Plaintiff's representative. The remaining allegations in paragraph four of the Complaint are denied.

5. Denied.

## COUNT ONE

6. Defendant incorporates herein its responses to paragraphs one through five of this Answer.

7. Denied. Further, to the extent Defendant has not responded to all of the allegations in paragraphs one through seven of the Complaint, all of the same are denied.

1

Defendant further denies all prayers for relief and denies that Plaintiff is entitled to any of the relief requested in the Complaint.

## COUNT TWO

8. Defendant incorporates herein its responses to paragraphs one through seven of this Answer.

9. Denied. Further, to the extent Defendant has not responded to all of the allegations in paragraphs one through nine of the Complaint, all of the same are denied. Defendant further denies all prayers for relief and denies that Plaintiff is entitled to any of the relief requested in the Complaint.

## COUNT THREE

10. Defendant incorporates herein its responses to paragraphs one through nine of this Answer.

11. Denied.

12. Denied. Further, to the extent Defendant has not responded to all of the allegations in paragraphs one through twelve of the Complaint, all of the same are denied. Defendant further denies all prayers for relief and denies that Plaintiff is entitled to any of the relief requested in the Complaint.

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against the Defendant upon which relief can be granted.

## SECOND DEFENSE

Defendant denies each and every material allegation in the Plaintiff's Complaint and demands strict proof thereof.

## THIRD DEFENSE

Defendant pleads the affirmative defense of contributory negligence.

## FOURTH DEFENSE

Defendant pleads the affirmative defense of assumption of the risk.

## FIFTH DEFENSE

Defendant asserts the affirmative defense of failure to mitigate damages.

## SIXTH DEFENSE

Defendant denies that any of its actions proximately caused any of the alleged damages claimed by Plaintiff in the Complaint.

## SEVENTH DEFENSE

Plaintiff has failed to satisfy the administrative prerequisites, jurisdictional or otherwise, or to exhaust applicable administrative remedies, that are a prerequisite to maintaining some or all of the claims asserted.

## EIGHTH DEFENSE

All of the decisions and/or actions challenged in the Plaintiff's Complaint were undertaken for lawful, legitimate, nondiscriminatory, nonpretextual, nonretaliatory reasons that were unrelated to Plaintiff's alleged disability.

### NINTH DEFENSE

Defendant, in the alternative, states that it did not intentionally, willfully, or maliciously violate any of the statutes or laws set forth in the Plaintiff's Complaint.

### TENTH DEFENSE

Defendant's actions with respect to Plaintiff were taken in good faith.

### ELEVENTH DEFENSE

Plaintiff was not a qualified individual with a disability as defined under the Americans with Disabilities Act.

### TWELFTH DEFENSE

To the extent Plaintiff seeks punitive damages, said claims are barred because the acts, if any, and omissions, if any, of the Defendant, which are specifically denied, fail to rise to the level required to sustain an award of punitive damages; were trivial and isolated; were not motivated by evil intent or discriminatory intent or intent to harm; do not evidence a malicious, known, oppressive or fraudulent intent to deny Plaintiff his protected rights or to harass or otherwise discriminate against Plaintiff; and are no so wanton or willful as to support an award of punitive damages.

### THIRTEENTH DEFENSE

Defendant denies the nature and extent of the damages claimed by the Plaintiff.

### FOURTEENTH DEFENSE

Plaintiff's claims for punitive damages cannot be upheld to the extent it violates or contravenes the holding of the United States Supreme Court in *BMW v. Gore*, 116 S. Ct. 1589 (1996).

## FIFTEENTH DEFENSE

The Plaintiff's claim for recovery of some or all of the relief prayed for in the Complaint is in contravention of the Defendant's rights under each of the following constitutional provisions:

a.   The contracts clause of Article I, Section 10, of the United States Constitution;

b.   The excessive fines clause of the Eighth Amendment to the United States Constitution;

c.   The due process clause of the Fourteenth Amendment to the United States Constitution;

d.   The self-incrimination clause of the Fifth Amendment to the United States Constitution;

e.   The contracts clause of Article I, Section 2, of the *Constitution of Alabama 1901;*

f.   The excessive fines clause of Article I, Section 15, of the *Constitution of Alabama 1901;*

g.   The due process clause of Article I, Section 6, of the Constitution of Alabama.

## SIXTEENTH DEFENSE

Plaintiff's claim for compensatory damages against the Defendant cannot be sustained by an award of compensatory damages under Alabama law by a jury that (1) is not provided a standard of sufficient clarity for determining the appropriateness, or the appropriate size of, a compensatory damage award; (2) is not instructed on the limits of

compensatory damages imposed by the applicable principles for awarding compensatory damages, in whole or in part, on the basis of invidiously discriminatory characteristics; (3) is permitted to award compensatory damages under a standard for determining liability for compensatory damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes compensatory damages permissible; and (4) is not subject to judicial review on the basis of objective standards, and would violate this Defendant's due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment of the United States Constitution and by the Alabama constitutional provisions providing for due process, equal protection, and guaranty against double jeopardy.

## SEVENTEENTH DEFENSE

Plaintiff's claim for punitive damages against the Defendant cannot be sustained by an award of punitive damages under Alabama law by a jury that (1) is not provided a standard of sufficient clarity for determining the appropriateness, or the appropriate size of, a punitive damage award; (2) is not instructed on the limits of punitive damages imposed by the applicable principles for awarding punitive damages, in whole or in part, on the basis of invidiously punitive characteristics; (3) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; and (4) is not subject to judicial review on the basis of objective standards, and would violate this Defendant's due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the

double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment and by the Alabama constitutional provisions providing for due process, equal protection, and guaranty against double jeopardy.

## EIGHTEENTH DEFENSE

Defendant asserts the affirmative defense of last clear chance or subsequent negligence.

## NINETEENTH DEFENSE

Plaintiff's claims against Defendant are, or may be, barred, in whole or in part, because the claimed injuries and damages, if any, were caused by the conduct of third parties, including but not limited to the prior, intervening, or superseding conduct of such third parties.

## TWENTIETH DEFENSE

Defendant denies that its actions caused or contributed to cause the Plaintiff's injuries in any manner.

## TWENTY-FIRST DEFENSE

Plaintiff'S claims are, or may be, barred, in whole or in part, because Defendant did not breach any legal duty to Plaintiff.

## TWENTY-SECOND DEFENSE

Defendant denies that Plaintiff is entitled to recover any damages from the Defendant.

## TWENTY-THIRD DEFENSE

Defendant pleads the affirmative defense of open and obvious condition.

### TWENTY-FOURTH DEFENSE

Plaintiff's claims are or may be, barred, in whole or in part, by estoppel, waiver, and/or laches.

### TWENTY-FIFTH DEFENSE

To the extent the defense is available to it, Defendant shows that if there was any negligence on its part in the circumstances, and such allegations of negligence are expressly denied, then Plaintiff had the opportunity and obligation to avoid any such alleged negligence, and failed to do so.

### TWENTY-SIXTH DEFENSE

Defendant adopts and incorporates the standards with respect to punitive damages as set forth by the United States Supreme Court in *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001).

### TWENTY-SEVENTH DEFENSE

Defendant denies all allegations not specifically admitted herein.

### TWENTY-EIGHTH DEFENSE

Defendant denies that it is subject to the provisions of the Americans with Disabilities Act.

### TWENTY-NINTH DEFENSE

Some or all of the Plaintiff's claims may be barred by the applicable statute of limitations.

## THIRTIETH DEFENSE

Defendant reserves the right to amend this Answer to raise any additional defense which may become available during the discovery process.

Respectfully submitted this the \_\_\_5\_\_\_ day of May, 2006.

_____
Thomas T. Gallion, III (GAL010)
Constance C. Walker (WAL144)
Attorneys for Defendant Phillips Investments, LLC

**OF COUNSEL:**

**HASKELL SLAUGHTER YOUNG & GALLION, LLC**
305 South Lawrence Street
Post Office Box 4660
Montgomery, Alabama 36103-4660
(334) 265-8573
(334) 264-7945 Fax

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing document has been served upon the following counsel of record by placing a copy of the same in the United States mail, postage prepaid, this the 5 day of May, 2006:

**Attorney for the Plaintiff**
D. Coleman Yarbrough, Esq.
Law Offices of D. Coleman Yarbrough
2860 Zelda Road
Montgomery, Alabama 36106


_____
OF COUNSEL