IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2006 JUN -1  P 2: 38

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| JOHN E. LANCASTER, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case Number: 2:06cv-402-MEF |
| | * | |
| PHILILPS INVESTMENTS, LLC, | * | |
| d/b/a THE CEDARS, | * | |
| | * | |
| Defendant. | * | |

## REPORT OF RULE 26(F) PARTIES' PLANNING MEETING

Pursuant to Fed. R. Civ. P.26(f), a meeting was held between counsel for the parties on the 31st day of May, 2006, via telephone, and now the parties submit the following report of that meeting to the Court for its consideration.

1. The meeting was attended by:

    a. Coleman Yarbrough, attorney for Plaintiff John E. Lancaster;

    b. Constance C. Walker, attorney for Defendant Phillips Investments, LLC.

2. Pre-discovery disclosures. The parties will exchange by June 21, 2006, the information required by Local Rule 26.1(a)(1).

3. Discovery Plan: The parties jointly propose to the Court the following discovery plan:

    a. Discovery will be needed on the following subjects: All matters raised in the Complaint, and amendments to the Complaint and any Answer;

    b.    All discovery commenced in time to be completed by March 5, 2007;

    c.    Maximum of 40 interrogatories by each party to any other party. Responses due 30 days after service;

    d.    Maximum of 40 requests for production by each party to any other party. Responses due 30 days after service;

    e.    Maximum of 30 requests for admission by each party to any other party. Responses due 30 days after service;

    f.    Maximum of 10 depositions by Plaintiff and 10 depositions by Defendant, unless otherwise agreed to by the parties;

    g.    Each deposition, other than that of the parties, limited to a maximum of 8 hours, unless otherwise agreed to by the parties. Parties' depositions limited to a maximum of 8 hours, unless otherwise agreed to by the parties;

    h.    Reports from retained experts under Rule 26(a)(2) due:

        i.    from Plaintiff by January 5. 2007; and

        ii.    from Defendant by February 5, 2007.

    i.    Supplementation under Rule 26(e) due March 5, 2007, or reasonable time thereafter.

4.    Other matters.

    a.    The parties do not request a conference with the Court before entry of the Scheduling Order;

    b.    Plaintiff should be allowed until November 17, 2006, to join additional parties and until November 17, 2006, to amend the pleadings;

    c.    Defendant should be allowed until December 18, 2006, to join additional parties and until December 18, 2006, to amend the pleadings;

    d.    All potentially dispositive motions should be filed by February 5, 2007;

    e.    Settlement cannot be realistically evaluated prior to May 4, 2007;

    f.    The parties request a final pretrial conference on May 4, 2007;

    g.    Final lists of witnesses and exhibits under Rule 26(a)(3) should be due:

        i.    from Plaintiff: 30 days before trial; and

        ii.    from Defendant: 30 days before trial.

    h.    Parties should have until no less than 14 days prior to trial to list objections to witnesses and exhibits under Rule 26(a)(3); and

    i.    The case should be ready for trial by June 4, 2007, and is expected to take approximately 2-3 days.

The parties do not request ADR at this time. The positions of the parties may change over the coming weeks or months. The parties will inform the Court in a timely manner as to any change in either of their respective positions regarding ADR.

Respectfully submitted this the _1_ day of _June_, 2006.

_____
D. Coleman Yarbrough
Attorney for Plaintiff John E. Lancaster

_____
Thomas T. Gallion, III
Constance C. Walker
Attorneys for Defendant Phillips
Investments, LLC