THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOHN E. LANCASTER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NUMBER: 2:06-cv-402-MEF |
| | ) | |
| PHILLIPS INVESTMENTS, LLC, | ) | |
| d/b/a THE CEDARS | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S BRIEF IN RESPONSE TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**I
ADA COMPLIANCE**

As Defendant aptly points out, this is a premises liability case. It also contains an Americans With Disabilities Act ("ADA") aspect. It is not, however, a typical ADA case in that it does not seek injunctive relief or the like. The reason for the ADA claim is that the wheelchair ramp constructed by the Defendant and on which the Plaintiff fell (or off of which Plaintiff fell) failed to meet ADA standards.

The Defendant asserts in brief that the ADA does not include residential facilities, and there is some support for that assertion. 42 U.S.C.§ 12182 speaks of "any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C.§ 12181(7)(A) provides that "[t]he following private entities are considered public accommodation for purpose of this subchapter... (A) an inn, hotel, motel, or other place of lodging except for an establishment located within a building that contains not more than five rooms for rent or hire and that is actually occupied

by the proprietor of such establishment as the residence of such proprietor." The statute itself certainly would lead one to the conclusion that apartments are included. An apartment is certainly an "other place of lodging". As Defendant points out, however, at least one District Court has squarely addressed this question, and concluded that apartments are not included in the foregoing definitions. *Independent Housing Services of San Francisco v. Fillmore Center Associates*, 840 F. Supp. 1328, 1344, n. 14 (N. D. Ca. 1993). That case includes a footnoted finding that apartments are not included in the ADA. Interestingly, however, the case was allowed to proceed under the ADA anyway. There is also a dicta footnote in *Regents of the Mercersburg College v. Republic Franklin Ins. Co.,* 458 F. 3d 159, 166 n. 8 (3rd Cir. 2006) to the same effect, though that case involved a college dormitory and bears no resemblance to the case at bar. We do not find any cases from the U. S. Supreme Court, the Eleventh Circuit Court of Appeals, or any District Court within this circuit dealing with this issue. As stated above, a reading of the Act would certainly lead one to the conclusion that apartments are included, for they are without question places of lodging. It is also instructive that the statute uses the term "lease" with reference to the covered facilities. One does not say to the desk clerk of an inn or hotel "I would like to lease a room for the night." That term is consistent with apartment use. We urge the Court to construe the statute broadly and in accordance with its obvious terms, and specifically to hold that these apartments are included within the scope of the Americans with Disabilities Act.

## II
## CONTRIBUTORY NEGLIGENCE

The remaining propositions of law and cases cited by the Defendant are accurate propositions and supported by the cited cases. They do not, however, bear on or control the present case.

Plaintiff does not argue that summary judgment based on contributory negligence or assumption of risk may never be appropriate in a premises liability case. This is just not such a case. In the present case, the Plaintiff has testified by his affidavit and his deposition that he did not appreciate the danger inherent in the ramp in question. As stated in his affidavit, "Common sense told me that this ramp would not be quite as safe as one with appropriate guard rails or a smooth and level transition base. However, I certainly did not believe it to be so dangerous that I would be injured if I used it." (Lancaster affidavit, page 2, paragraph 1) Of like effect was his deposition testimony:

> "**Q... Here's my question. Did you realize then, by looking at it, that it could be dangerous to use it?**
> "A. Well, not that dangerous.
> **"Q. But some dangers; is that right?**
> "A. Well, I hadn't really paid that much attention to it until after the accident.
> **"Q. Okay. But I'm talking about on the day of, when you were telling me what you noticed about the problems. You told me about the handrails and the base of it. You noticed that on the day you first saw it before you ever used it.**
> "A. Yeah.
> **"Q. And I'm just saying: Did you realize then that it could be dangerous if you used it?**
> "A. Not that dangerous.
> **"Q. But somewhat dangerous?**
> "A. Yeah.
> **"Q. Okay. And you realized that you might could fall if you used it, that day; isn't that right?**
> "A. Well, I never thought about the mud being there and the wheels could hit the mud."
> (Lancaster deposition, page 41, line 10 through page 42, line 8)

As to his actual fall, he testified "... I went down the ramp, which was no steeper than it was, I thought it would be no problem." (Lancaster deposition, page 45, lines 23-25). Clearly, he anticipated no difficulties.

Probably the case most helpful to the Defendant, if any, is that of *Knight v. Seale,* 530 So. 2d 821 (Ala 1988), wherein the Plaintiff and Defendant were working on the Defendant's roof, and

the Plaintiff fell off. Quoting from *Quillen v. Quillen,* 388 So. 2d 985 (Ala. 980), the Court spoke as follows:

> "In the definitive case of *Lamson & Sessions Bolt Co. v. McCarty*, 234 Ala. 60, 173 So. 388 (1937), this Court discussed at length the duty owed by a landowner to an invitee. At 234 Ala. 63, 173 So. 391, the Court held:
>
>> 'This court is firmly committed to the proposition that the occupant of premises is bound to use reasonable care and diligence to keep the premises in a safe condition for the access of persons who come thereon by his invitation, expressed or implied, for the transaction of business, or for any other purpose beneficial to him: or, if his premises are in any respect dangerous, he must give such visitors sufficient warning of the danger to enable them, by the use of ordinary care, to avoid it. *Geis v. Tennessee Coal, Iron & R.R. Co.*, 143 Ala. 299, 39 So. 301.
>>
>> 'This rule... includes (a) the duty to warn an invitee of danger, of which he knows, or ought to know, *and of which the invitee is ignorant*; and (b) **the duty to use reasonable care to have the premises to which he is invited in a reasonably safe condition for such contemplated uses, and within the contemplated invitation.**"
> (Bold emphasis supplied)

In that case, however, as distinguished from this one, it appeared that the Plaintiff had worked on Defendant's roof before. This was the first time the Plaintiff used the ramp. There is no showing in this case that the Defendant "used reasonable care to have the premises to which [Plaintiff was] invited in a reasonably safe condition for such contemplated uses, and within the contemplated invitation." Defendant conducted the ramp for Plaintiff's use, and the first time he used it, he was injured. We suggest that this does not approach the situation under which "all reasonable men must reach the same conclusion" so that contributory negligence may be found as a matter of law.

### III
### ASSUMPTION OF RISK

Contributory negligence and assumption of risk go hand in hand; though there is, of course,

a distinction. Assumption of risk has two subjective elements: (1), the Plaintiff's knowledge and appreciation of the risk, and (2), Plaintiff's voluntary exposure to that risk. *Driver v. National Security Fire & Casualty Co.*, 658 So. 2d 390, 393 (Ala. 1995). Neither of those elements was present in the case at bar. The example of the extreme circumstances under which summary judgment may be granted based upon assumption of risk is illustrated by the rather bizarre case of *Ex parte Barran,* 730 2d 203 (Ala. 1998), wherein a KA pledge sued his fraternity for injuries suffered as a result of hazing. Summary judgment was granted, at least in part, based upon the admitted fact that Plaintiff had undergone the hazing for approximately a year (or perhaps that is a school year; the record is not clear). In any event, it is difficult to draw any parallel between the facts in that case and the one presently before the Court, wherein, as is stated above, the Plaintiff was injured the first time he ever tried to use the ramp in question. He neither understood the risk nor voluntarily submitted himself to it.

## IV
## OPEN AND OBVIOUS DANGER

The question whether an invitee is injured by an obvious and open defect is really a backward way of proving either contributory negligence or assumption of risk. The Supreme Court of Alabama in the case of *Breeden v. Hardy Corp,* 562 So. 2d 159 (Ala. 1990), after reiterating the duties of both invitor and invitee, quoted with approval from *Bogue v. R & M Grocery*, 553 So. 2d 545 (Ala. 1989) as follows:

> "Once it has been determined that the duty owed to an invitee has been breached, questions of contributory negligence, assumption of risk, and whether the plaintiff should have been aware of the defect, are normally questions for the jury. This is such a case. There are any number of factual issues for a jury in this case, as there usually are in negligence cases."

The Court went on to reverse the summary judgment in favor of the Defendant.

## V
## WANTONNESS

The issue of wantonness is probably a close question. The Defendant rightly points out that wantonness is action with reckless indifference to the consequences, or consciously doing some act or omitting some known duty which produced an injury. *Ridgeway v. CSX Transp., Inc.* 723 So. 2d 600, 608 (Ala. 1998), a case which hold that as a matter of law, it is not wanton for a railroad not to put warning devices at a railroad crossing where approaching automobiles have an unobstructed views in both directions. Of like effect is language from *Hartzog v Compass Bank*, 686 So. 2d 325, 327 (Ala. Civ. App. 1996) approving summary judgment against a bank in front of which the Plaintiff fell on an icy (apparently public) sidewalk. The facts in those cases don't give much support to either side in the case at bar. The issue here is simply whether the design, construction, and maintenance of what was obviously a dangerous ramp may, under any circumstances, constitute wanton misconduct. We believe that it can.

## VI
## CONCLUSION

For all the foregoing reasons, Plaintiff respectfully submits that the Defendant's Motion for Summary Judgment should be denied.

        /s/ Coleman Yarbrough
       COLEMAN YARBROUGH
       ABA 2895-A43D

**CERTIFICATE OF SERVICE**

      I certify that on the 14th day of February, 2006, a copy of the forgoing has been sent to Constance C. Walker, Esq., Haskell, Slaughter, Young & Gallion, P. O. Box 4660, Montgomery, Ala. 36103, by placing it in the U. S. mail, properly addressed and postage prepaid.

                                          /s/ Coleman Yarbrough
                                          COLEMAN YARBROUGH
                                          ABA 2895-A43D

OF COUNSEL:
COLEMAN YARBROUGH
ATTORNEY AT LAW
2860 ZELDA ROAD
MONTGOMERY, ALA.  36106
PHONE (334) 277-9559
FAX (334) 277-9035