IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOHN E. LANCASTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 2:06-cv-402-MEF |
| | ) | |
| PHILLIPS INVESTMENTS, LLC, | ) | |
| d/b/a THE CEDARS, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY BRIEF**

COMES NOW Defendant Phillips Investments, LLC, d/b/a the Cedars, ("Phillips") and submits the following Reply Brief in support of its Motion for Summary Judgment.

**I.**

**The apartments are not subject to ADA compliance.**

Phillips has presented undisputed evidence to this Court that the Cedars is a residential facility and not a place of "public accommodation" subject to ADA compliance. The Cedars consists of 20 residential apartments with no leasing office on the premises. (Mays depo., p. 21, ln. 18-p. 22, ln. 1; Summers depo., p. 25, lns. 23-25) The ramp in question was built only for the Plaintiff and descended from his patio to his two assigned parking spaces in the gravel parking lot. (Lancaster depo., p. 35, lns. 4-25; p. 36, lns. 1-4; Mays depo., p. 21, lns. 18-20; ex. 3 to Lancaster depo; Mays depo., p. 10, ln. 22 - p. 12, ln. 3)

Plaintiff has presented nothing to refute the undisputed facts submitted by Phillips. Plaintiff merely asks this Court to construe the ADA statute broadly. (Doc. # 16, p. 2) It is well settled, however, that apartments are not public accommodations under the ADA. *Independent Housing Services of San Francisco v. Fillmore Center Assocs.,* 840 F.Supp. 1328, 1344 n. 14 (N.D.Ca. 1993). Because Plaintiff has failed to refute the undisputed evidence presented by Phillips, the Motion for Summary Judgment as to Plaintiff's ADA claim is due to be granted. *See Holloman v. Mail-Well Corp.,* 443 F.3d 832 (11th Cir. 2006).

## II.

### The risk of using the ramp was Open and Obvious.

Plaintiff has not presented any evidence to refute the defense of open and obvious condition. Plaintiff merely claims that there is a jury question on this issue. (Doc. # 16, p. 5) This is not sufficient to withstand Phillips' properly supported Motion for Summary Judgment.

The determination of whether a condition on the premises is open and obvious is based on an **objective standard.** The question is whether the danger should have been observed, not whether in fact the danger was consciously appreciated by the plaintiff. *Jones Food Co., Inc. Shipman,* Docket No. 1051322 at * 8 (Ala.S.Ct. Dec. 15, 2006). A plaintiff cannot recover for either negligence or wantonness if his injury was caused by an obvious defect in the premises. *Id.* at * 6; *Marquis v. Marquis,* 480 So. 2d 1213, 1215 (Ala. 1985).

It is undisputed that the ramp did not have handrails. Plaintiff also claims there was a 3-4 inch drop from the base of the ramp to the parking lot. (Lancaster depo., p. 36, lns. 5-14; p. 37, lns. 2-25; p. 38, lns. 1-6; p. 40, lns. 20-25; p. 41, lns. 1-9) Plaintiff also testified that before he used the ramp, he thought it needed concrete or plywood at the base so he could have a smooth transition into

the parking lot.  (Lancaster depo., p. 37, lns. 7-25; p. 38, lns. 1-6; p. 40, lns. 20-25; p. 41, lns. 1-9; Mays depo., p. 42, lns. 21-25; p. 43, lns. 1-25; p. 44, lns. 1-25; p. 45, lns. 1-19; p. 48, lns. 19-24) Prior to the accident, Plaintiff and his caregiver also discussed the fact that the ramp needed to have some cement at the base so it would come off on a flat surface.  (Mays depo., p. 42, lns. 21-25; p. 43, lns. 1-25; p. 44, lns. 1-25; p. 45, lns. 1-19; p. 48, lns. 19-24)  Plaintiff's caregiver even testified that she did not think the ramp was finished or completed.  (May depo., p. 32, lns. 22-25; p. 33, ln. 1 - p. 35, ln 2)  Plaintiff admits that he knew that using the ramp could be dangerous.  (Lancaster depo., p. 39, lns. 22-25; p. 41, lns. 17-25; p. 42, lns. 1-12)  It was also wet and muddy in the parking lot and at the base of the ramp at the time of the Plaintiff's fall. (Lancaster depo., p. 44, lns.  6-25; Mays depo., p. 51, lns. 10-23) This was the Plaintiff's first time  to use the ramp, and therefore he had not grown accustomed to the ramp. (Lancaster depo., p. 43, lns. 7-10)   In response to Defendant's Motion for Summary Judgment, Plaintiff has even characterized the ramp as "obviously a dangerous ramp."  (Doc. # 16, p. 6)

Using an objective standard, a reasonable person should have perceived the risk of using the ramp for the first time under the circumstances.  It was therefore an open and obvious condition. Plaintiff's state law claims for negligence and wantonness should therefore be dismissed.  *See also, Harvell v. Johnson,* 598 So. 2d 881, 883 (Ala. 1992).

### III.

### Contributory Negligence and Assumption of the Risk

To establish contributory negligence, the defendant must demonstrate that 1) the plaintiff had knowledge of the dangerous condition; 2) an appreciation of the danger under the surrounding circumstances; and 3) that plaintiff failed to exercise reasonable care by placing himself in the way

3

of danger. *Serio v. Merrell, Inc.,* 941 So. 2d 960, 964 (Ala. 2006). In his response to Defendant's Motion for Summary Judgment, Plaintiff claims that summary judgment is not warranted because "he did not appreciate the danger inherent in the ramp in question." (Doc. # 16, p. 3) In his affidavit filed in response to Defendant's Motion for Summary Judgment, Plaintiff admits that "common sense told me that this ramp would not be quite as safe as one with appropriate guard rails and a smooth or level transition base." (Doc. # 15, p. 2) Plaintiff claims, however, that "I certainly did not believe it to be so dangerous that I would be injured if I used it." (Doc. # 15, p. 2)

Plaintiff has failed to produce evidence sufficient to defeat Defendant's properly supported motion for summary judgment. In *Serio,* the Alabama Supreme Court affirmed a summary judgment for a defendant in an automobile accident case where the evidence established that had the plaintiff simply look to her left, she would have seen a truck coming and could have avoided a collision. The plaintiff argued that there was no evidence that she had a conscious appreciation of the danger posed by the truck because she did not look to her left and see the truck. *Id.* at 965. The court found that direct evidence of a conscious appreciation of the danger was not necessary because any reasonable person should have understood the danger posed and this was enough to establish contributory negligence on the part of the plaintiff. *Id.*

> Direct evidence of such an appreciation of the danger is not required if the evidence admits of no conclusion except that the plaintiff must have appreciated the hazard involved. **It is enough if the plaintiff understood, or should have understood, the danger posed.**

*Id.* at 965 (emphasis added).

This also applies in the case at hand. Plaintiff testified that he did not like the looks of the ramp because it had no handrails, and it had a 3-4 inch drop from its base to the parking lot. (Lancaster depo., p. 36, lns. 5-14; p. 37, lns. 2-25; p. 38, lns. 1-6; p. 40, lns. 20-25; p. 41, lns. 1-9)

Plaintiff also testified that before he used the ramp, he thought it needed concrete or plywood at the base so he could have a smooth transition into the parking lot. (Lancaster depo., p. Id.; Mays depo., p. 42, lns. 21-25; p. 43, lns. 1-25; p. 44, lns. 1-25; p. 45, lns. 1-19; p. 48, lns. 19-24) Plaintiff discussed this with his caregiver prior to the accident. (Mays depo., p. 42, lns. 21-25; p. 43, lns. 1-25; p. 44, lns. 1-25; p. 45, lns. 1-19; p. 48, lns. 19-24) When asked why the 3-4 inch gap at the base was a problem for him, Plaintiff testified: "You run off that steep a place in a wheelchair and see what happens to you." (Lancaster depo., p. 39, lns. 2-15)

Plaintiff also testified that he knew that the ramp could be dangerous if he used it, but he used the ramp anyway. (Lancaster depo., p. 39, lns. 22-25; p. 41, lns. 17-25, p. 42, lns. 1-12) Plaintiff also testified that he knew it had rained prior to his accident, and that he knew it would be muddy and wet in the parking lot after it rained. (Lancaster depo., p. 44, lns. 6-25) His caregiver testified that when she and the Plaintiff walked out onto the patio right before Plaintiff used the ramp, they could see that it was wet and muddy in the parking lot at the end of the ramp. (Mays depo., p. 51, lns. 10-23) Plaintiff even testified that the water would "just stand back there" in the parking lot after it rained. (Lancaster depo., p. 43, lns. 16-19)

In his deposition, Plaintiff testified that when he came to the bottom of the ramp, the wheels went off the end of the ramp, he tilted over and fell. (Lancaster depo., p. 47, lns. 10-14; p. 49, lns. 2-5) He further testified that he attributes his fall to the fact there was a 3-4 inch drop at the base of the ramp leading to the parking lot. (Lancaster depo., p. 54, lns. 13-19) In his later-filed affidavit, Plaintiff claims that the ramp had mud at the base and his wheelchair wheels became mired in the

mud which caused him to fall. (Doc. # 15, p. 2) In his affidavit, Plaintiff also testified that his fall was caused by the fact the ramp did not include a level and hard surface at its end. (Id.)[1]

None of the foregoing testimony is sufficient to defeat Defendant's Motion for Summary Judgment as to the contributory negligence defense. Plaintiff admits that commons sense told him the ramp was not safe. Even if Plaintiff claims he did not believe he would be injured, the evidence is such that there is no other conclusion except that Plaintiff understood, **or should have understood,** the danger posed by using the ramp. *Serio,* 941 So. 2d at 965. In other words, based on the undisputed facts in this case, Plaintiff should have appreciate the hazard involved in proceeding down a wheelchair ramp for the first time when it was muddy in the parking lot, and with knowledge that the ramp had no handrails, and that there was a 3-4 inch drop from the base of the ramp to the parking lot. *See Serio,* 941 So. 2d at 965. Defendant's summary judgment is therefore due to be granted as to Plaintiff's state law claim for negligence.

Plaintiff also claims that there is insufficient evidence of assumption of the risk. As noted above, Plaintiff knew the ramp had no handrails and that there was the 3-4 inch drop at the base of ramp. He also was aware that it was muddy in the parking lot on the day of his fall. His caregiver testified you could see the mud at the base of the ramp immediately prior to the Plaintiff using the ramp, and that he used it anyway. Plaintiff has also admitted that he was aware that using the ramp could be dangerous. The undisputed evidence supports a finding that Plaintiff assumed the risk of

---

[1] This affidavit testimony is arguably contrary to Plaintiff's earlier deposition testimony and therefore should not be considered by this Court. *See Junkins & Assocs., Inc. v. U.S. Indus., Inc.,* 736 F.2d 656, 657 (11th Cir. 1984). Even if this testimony is considered, however, it is still undisputed that any reasonable person should have understood the danger of using the ramp, and therefore Plaintiff was contributorily negligent. *Serio,* 941 So. 2d at 965.

his wheelchair tipping or tilting over at the base of the ramp. Summary judgment on Plaintiff's state law claims is therefore appropriate.

## IV.

### Wantonness

As to Plaintiff's wantonness claim, Plaintiff merely states:

> The issue here is simply whether the design, construction, and maintenance of what was obviously a dangerous ramp may, under any circumstances, constitute wanton misconduct. We believe that it can.

(Doc. # 16, p. 6)

This is insufficient to defeat Defendant's Motion for Summary Judgment as to Plaintiff's wantonness claim. It is undisputed that the ramp was installed at the Plaintiff's request and built at the location chosen by the Plaintiff. (Smilie depo., p. 15, lns. 8-17; p. 16, lns. 22 - p. 17, ln. 14; Summers depo., p. 22, lns. 21-25; p. 23, lns. 1-8; Mays depo., p. 26, ln. 5 p. 27, ln. 23; Phillips depo., p. 12, lns. 23-25; p. 13, lns. 16-25; Lancaster depo., p. 31, lns. 9-25; p. 33, lns 14-17; Mays depo., p. 30, l.ns. 2-22) The ramp was installed by a carpenter hired by Phillips. (Phillips depo., p. 13, lns. 16-25) Phillips was not on the premises when the ramp was installed. (Summers depo., p. 25, lns. 20-25) It is also undisputed that Plaintiff and his representatives never complained about the ramp prior to the Plaintiff's accident. (Lancaster depo., p. 42, lns 16-22; Mays depo., p. 36, ln. 23-p. 37, ln. 11; p. 50, lns. 1-10) There is simply no evidence that Phillips knew the ramp was dangerous and that with reckless indifference to the consequences, failed to take action, or omitted a known duty to the Plaintiff. Plaintiff's wantonness claim should therefore be dismissed.

## V.

## Conclusion

Based on the foregoing, Phillips respectfully requests that this Court enter judgment in its favor as a matter of law with respect to all counts of the Plaintiff's Complaint.



                          s/ Constance C. Walker
                          Thomas T. Gallion, III (ASB-5295-L74T)
                          Constance C. Walker  (ASB-5510-L66C)
                          Attorneys for Defendant Phillips Investments, LLC
                          d/b/a the Cedars


**OF COUNSEL:**

**HASKELL SLAUGHTER YOUNG & GALLION, L.L.C.**
305 South Lawrence Street
Post Office Box 4660
Montgomery, Alabama 36103-4660
(334) 265-8573
(334) 264-7945 Fax

**CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of February, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such filing to the following counsel for the Plaintiff:

**Counsel for Plaintiff**
Coleman Yarbrough
Office of D. Coleman Yarbrough
2860 Zelda Road
Montgomery, Alabama 36106
(334) 277-9559
(33) 277-9035 (fax)
dcyarbrough@knology.net

                                        s/Constance C. Walker
                                        OF COUNSEL